# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

WAYNE YVON, et al.,

      Plaintiffs,

v.                                          CASE NO.  4:06cv572-RH/WCS

BAJA MARINE CORPORATION, et al.,

      Defendants.

_____/

## ORDER AWARDING ATTORNEY'S FEES

The defendants prevailed in this action and moved for an award of attorney's fees under the applicable "prevailing party" fee provision. Under this court's local rules, fees are addressed on a bifurcated basis. Entitlement to a fee award is determined first, followed by proceedings to determine the amount of the award.

On May 9, 2008, I entered an order determining the defendants' entitlement to recover fees. The order said that the procedures set forth in Local Rule 54.1 would govern further proceedings to determine the amount of the award. (Document 73.)

On May 23, 2008, in accordance with the local rule, the defendants submitted affidavits in support of their claim for fees in the amount of $44,744.

(Documents 74 & 75.) A response from the plaintiffs accepting or rejecting this amount was due on June 6, 2008. *See* N.D. Fla. Loc. R. 54.1(E)(4). On June 5, 2008, the plaintiffs moved to extend the deadline so that they could conduct further research. (Document 76.) I extended the deadline as requested to June 20, 2008. (Document 77.) The plaintiffs filed nothing by the June 20 deadline.

On June 30, 2008, I entered an order noting the lack of a response and stating:

> The plaintiffs must file a Local Rule 54.1(E)(4) acceptance or rejection of the amount of attorney's fees claimed by the defendants by July 10, 2008, or they will be deemed to have accepted the amount claimed by the defendants.

(Document 78.) The plaintiffs filed no response by July 10.

On July 14, I entered an order noting this background and concluding that the plaintiffs should be deemed to have accepted the amount claimed by the defendants. The order also said:

> Even aside from the plaintiffs' acceptance of the claim, I would approve the defendant's claim on its own merits. I find that the defendants reasonably and necessarily incurred fees in the full amount of their claim, $44,774, and that this amount should be awarded. I find that the time and rates incorporated into this total were reasonable and accorded with the usual rates and billing practices in this community. I find that this is a reasonable overall fee for the services at issue taking into account all of the factors that properly inform the analysis. *See, e.g., Gilmere v. City of Atlanta*, 864 F.2d 734, 741 (11th Cir. 1989) (outlining the "normal procedure" for determining an award of attorney's fees based on the lodestar method); *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)

> (listing factors to be considered in determining the reasonable amount of fees).
>
> No purpose would be served by setting forth in greater detail the underlying analysis supporting these findings. If, however, any party asserts that additional findings should have been made or additional issues should have been addressed, the party may file by not later than July 28, 2008, a motion to alter or amend this order and the judgment to be entered based on this order.

Order of July 14, 2008 (document 80) at 2-3. The order directed the clerk to enter judgment for attorney's fees, and the clerk did so.

As it turned out, the plaintiffs filed a response to the defendant's claim on the same day as I entered the order. Indeed, though I prepared and signed the order prior to the plaintiffs' filing of their response, the clerk's office did not post the order on the court's electronic docket until *after* the plaintiffs filed their response. The order and the response crossed in the mail—or, in the modern world, in cyberspace.

I treat the plaintiffs' response as a timely motion to alter or amend the July 14 order and the judgment entered pursuant to the order. I have reconsidered *de novo* the issue of the amount of attorney's fees that should be awarded. I adhere to the findings of fact and conclusions of law set forth in the July 14 order, as well as in the original order determining the defendant's entitlement to an award of fees. *See* Order of May 9, 2008 (document 73).

The plaintiffs take no issue with the reasonableness of the time devoted to

this litigation by the defendant's attorneys, nor with their hourly rates. The plaintiffs take no issue with the reasonableness of the overall fee. They assert only that the award should be reduced by two-thirds to reflect that the defendant prevailed on the ground that the plaintiffs had released their claims prior to filing this action. Litigating the release, the plaintiffs say, accounted for only one-third (or less) of the overall attorney's fees.

The defendant's attorneys were required to defend the entire action simultaneously; they could not litigate only a single issue in the hope of prevailing on that ground before having to turn their attention to other issues. The attorneys thus litigated the entire action, as they were required to do, and they were 100% successful. The release issue on which they prevailed was not unrelated to the other issues; to the contrary, the release was part and parcel of the overall controversy and of the overall defense. Under these circumstances fees should be awarded for the entire defense. *See Heindel v. Southside Chrysler-Plymouth, Inc.*, 476 So.2d 266, 271-72 (Fla. 1st DCA 1985); *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983).

The defendant's attorneys did good work for a reasonable fee. Under the applicable "prevailing party" attorney's fee provision and such cases as *Heindel* and *Hensley*, the defendant is entitled to recover 100% of the reasonable attorney's fees it incurred in the 100% successful defense of the action.

*Case No: 4:06cv572-RH/WCS*

For these reasons,

IT IS ORDERED:

The plaintiffs' response (document 79) to the defendant's claim for attorney's fees is deemed a timely motion to alter or amend the order awarding attorney's fees (document 80) and the judgment awarding attorney's fees (document 81). The motion to alter or amend is denied.

SO ORDERED on August 7, 2008.

s/Robert L. Hinkle<br>Chief United States District Judge